UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNIFER CARLETON<br>Am Embassy Paris<br>PSC 116-Toulouse<br>APO, AE 09777<br><br>JOHN CARLETON<br>Am Embassy Paris<br>PSC 116-Toulouse<br>APO, AE 09777<br><br>    Plaintiffs,<br><br>v.<br><br>JOHN DIJOSEPH, ESQUIRE<br>2101 Wilson Blvd.<br>Suite 416<br>Arlington, VA 22201-3062<br><br>and<br><br>DAVID R. KAMINSKY, Esquire<br>14 Parkside Road<br>Silver Spring, MD 20910<br><br>and<br><br>TED KAVRUKOV<br>2009 N. 14th Street<br>Arlington, Virginia  22201<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 07-1018 JDB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND AFFIRMATIVE DEFENSES

  Defendant John DiJoseph, pro-se, and for his Answer (including Affirmative Defenses) to the Complaint filed against him, states the following:

RECEIVED
JUN - 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted in that this Court does not have jurisdiction over Defendant DiJoseph, a citizen and resident of Maryland, is not a resident of the District of Columbia, does not conduct business in the District of Columbia, owns no property in the District of Columbia and has no contacts with the District of Columbia that would allow this Court to exercise jurisdiction over a nonresident..

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because there was no privity of contract between DiJoseph and the plaintiffs.  There was no attorney-client relationship with them.  There was no retainer agreement between them. DiJoseph did not bill the plaintiffs for his services; nor did they pay him for those services.

## THIRD AFFIRMATIVE DEFENSE

If supported by evidence developed in discovery or during trial, Defendant DiJoseph may rely on the defense that the claims asserted against Defendant DiJoseph are barred and precluded in whole or in part by the negligence of others.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant DiJoseph was retained by another attorney to complete specific tasks, none of which are alleged to be the basis of this legal malpractice suit.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendant DiJoseph had no specific duty to retain any expert witnesses.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because their claim for damages are too speculative as a matter of law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because their claim for damages are limited by, among other things, such amounts as they may have recovered in the underlying case.

## EIGHTH AFFIRMATIVE DEFENSE

If supported by evidence developed in discovery or during trial, Defendant DiJoseph may rely on the defense that Plaintiffs' claims are barred in whole or in part because they realized a profit on the subject property and suffered no damages.

## NINTH AFFIRMATIVE DEFENSE

If supported by evidence developed in discovery or during trial, Defendant DiJoseph may rely on the defense that Plaintiffs' claims are barred, in whole or in part, by the prohibitions on double recoveries and windfalls.

## TENTH AFFIRMATIVE DEFENSE

If supported by evidence developed in discovery or during trial, Defendant DiJoseph may rely on a defense that Plaintiffs' claims are barred, in whole or in part, by the Plaintiffs' failure to mitigate damages.

## ELEVENTH AFFIRMATIVE DEFENSE

If supported by evidence developed in discovery or during trial, Defendant DiJoseph may rely on the defense that Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### TWELFTH AFFIRMATIVE DEFENSE

If supported by evidence developed in discovery or during trial, Defendant DiJoseph may rely on the defense that the Complaint is barred by the doctrines of estoppel and waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant DiJoseph reserves the right to rely upon any affirmative defense relied upon by any other Defendant in this matter, and they are hereby incorporated by reference.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant DiJoseph reserves the right to assert such further factual and affirmative defenses as may appear through discovery in this case.

### ANSWER

In response to the numbered paragraphs of the Complaint, Defendant DiJoseph states the following:

1. Unless expressly admitted, Defendant DiJoseph denies all allegations set forth in the Complaint.

2. The allegations in paragraphs 1, 13, 17, and 22 of the Complaint are legal conclusions which do not require any response, but should any response be required they are denied.

3. Defendant is without sufficient knowledge and/or information to either admit or deny the allegations in paragraphs 2 and 20 of the Complaint.

4. The allegations in paragraphs 3, 4, 7, 8, 9 and 10 of the Complaint are admitted.

5. The allegations in paragraphs 5, 16, 18, 19, 23, 24 and 25 of the Complaint are denied.

6. The allegations in paragraph 6 are admitted in part and denied in part. Admitted except denied that John DiJoseph represented Plaintiffs.

7. The allegations in paragraph 11 are admitted in part and denied in part. Admitted that at trial Defendant Kaminsky and Defendant Kavrukov offered home inspector J.D. Grewell as an expert witness to opine on the standard of care of a real estate agent. Denied that this was a necessary element in the Plaintiffs' Breach of Fiduciary Duty claim against Winter.

8. The allegations in paragraph 12 are admitted in part and denied in part. Admitted that no other expert witness was retained. Denied that Jennifer Carleton made any suggestion to Defendant DiJoseph to retain any other expert or that Defendant DiJoseph had any responsibility for the selection of an expert witness.

9. The allegations in paragraph 14 are admitted in part and denied in part. Admitted that the case was dismissed and judgment entered in favor of Suzanne Winter. Denied that such dismissal was the result of any failing of Defendant DiJoseph.

10. The allegations in paragraph 15 are admitted in part and Defendant is without sufficient information to either admit or deny the balance. Admitted that Plaintiffs did appeal the trial court's decision to the District of Columbia Court of Appeals. Defendant DiJoseph is without sufficient information to either admit or deny the amount of attorneys fees, if any, paid by Plaintiffs to anyone.

11. In response to the allegations in paragraph 21 of the Complaint Defendant hereby incorporates all responses to Paragraphs 1 to 20 of the Complaint.

## CONCLUSION

WHEREFORE, having fully answered the Complaint filed against him, Defendant John DiJoseph respectfully requests that this Court dismiss the Complaint with prejudice and dismiss Defendant DiJoseph as a Defendant, that the Court award Defendant DiJoseph all attorneys fees and costs incurred in this civil action, and for all other relief the Court deems fair and equitable.

Dated: June 5, 2007

Respectfully submitted,

_____
JOHN DiJOSEPH, pro-se
9610 Tiberias Drive
Upper Marlboro, Md. 20772
703-906-5911

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June, 2007, a true and correct copy of the foregoing Answer was served by first class mail, postage prepaid, upon:

Christopher C.S. Manning, Esq.
Manning & Sossamon
1532 Sixteenth Street, NW
Washington, DC 20036

Justin M. Flint, Esq.
Aaron L. Handleman, Esq.
Eccleston and Wolf
2001 S. Street, NW, Suite 310
Washington, DC 20009

John M. DiJoseph, Esq.
9610 Tiberias Drive
Upper Marlboro, MD 20772

_____
JOHN DiJOSEPH