UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JENNIFER CARLETON, *et al*.

    Plaintiffs

    v.

JOHN DIJOSEPH, ESQ. *et al*.

    Defendants

CASE NO: 07cv01018 (JDB)

\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT DAVID R. KAMINSKY, ESQUIRE'S ANSWER TO COMPLAINT

The Defendant, David R. Kaminsky, Esquire's ("Defendant Kaminsky"), by and through his attorneys, Aaron L. Handleman, Justin M. Flint and Eccleston & Wolf, P.C., hereby answer the allegations in the Plaintiffs' Complaint as follows:

### JURISDICTION

1. The allegations contained in Paragraph 1 require a legal conclusion to which no response is required, and are therefore, deemed denied.

### PARTIES

2. Defendant Kaminsky is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2, and therefore, denies the same and demands strict proof thereof.

3. Admitted.

4. Defendant Kaminsky is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4, and therefore, denies the same and demands strict proof thereof.

5. Defendant Kaminsky is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5, and therefore, denies the same and demands strict proof thereof.

## FACTS

6. The allegations contained in Paragraph 6 are admitted only to the extent that Defendant Kaminsky represented the Plaintiffs for a period of time in the matter styled as *Jennifer Carleton et al. v. Suzanne Winter et al.*, Case No., 2001 CA 006718 B ("the underlying action"); however, Defendant Kaminsky is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 6, and therefore, denies the same and demands strict proof thereof.

7. Defendant Kaminsky is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7, and therefore, denies the same and demands strict proof thereof.

8. The allegations contained in Paragraph 8 are admitted only to the extent that the pleadings in the underlying action speak for themselves, as such, no further response is required, and therefore, Defendant Kaminsky denies the Plaintiffs' characterizations of those documents and demands strict proof thereof.

9. The allegations contained in Paragraph 9 are admitted only to the extent that the pleadings in the underlying action speak for themselves, as such, no further response is required, and therefore, Defendant Kaminsky denies the Plaintiffs' characterizations of those documents and demands strict proof thereof.

10. Admitted.

11. The allegations contained in Paragraph 11 are admitted only to the extent Mr. J.D. Grewell was called to testify at trial as an expert in the underlying matter; however, the remaining allegations set forth in Paragraph 11 are denied as phrased and Defendant Kaminsky demands strict proof thereof.

12. The allegations contained in Paragraph 12 are admitted only to the extent Defendant Kaminsky did not call or retain any other expert witnesses at trial; however, the remaining allegations set forth in Paragraph 12 are denied and Defendant Kaminsky demands strict proof thereof.

13. The allegations contained in Paragraph 13 are admitted only to the extent that the pleadings and transcripts in the underlying action speak for themselves, as such, no further response is required, and therefore, Defendant Kaminsky denies the Plaintiffs' characterizations of those documents herein and demands strict proof thereof.

14. The allegations contained in Paragraph 14 are admitted only to the extent that the underlying action was dismissed with prejudice; however, the remaining allegations set forth in Paragraph 14 are denied as phrased and Defendant Kaminsky demands strict proof thereof.

15. Defendant Kaminsky is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15, and therefore, denies the same and demands strict proof thereof.

16. Defendant Kaminsky is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16, and therefore, denies the same and demands strict proof thereof.

17. The allegations contained in Paragraph 17 are admitted only to the extent that the appellate record in the underlying action speaks for itself, as such, no further response is required, and therefore, Defendant Kaminsky denies the Plaintiffs' characterizations of those documents herein and demands strict proof thereof.

18. The allegations contained in Paragraph 18 are denied and Defendant Kaminsky demands strict proof thereof.

19. Defendant Kaminsky is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19, and therefore, denies the same and demands strict proof thereof.

20. Defendant Kaminsky is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20, and therefore, denies the same and demands strict proof thereof.

## COUNT I – LEGAL MALPRACTICE

21. Defendant Kaminsky repeats and realleges each and every Answer set forth in Paragraphs number 1 through 20 as if each were fully set forth herein.

22. The allegations contained in Paragraph 22 require a legal conclusion to which no response is required, and are therefore, deemed denied.

23. The allegations contained in Paragraph 23 require a legal conclusion to which no response is required, and are therefore, deemed denied.

24. The allegations contained in Paragraph 24 require a legal conclusion to which no response is required, and are therefore, deemed denied.

25.    Defendant Kaminsky denies all the allegations contained in Paragraph 25; and to the extent the allegations require a legal conclusion, no response is required, and are therefore, deemed denied.

Defendant Kaminsky denies each and every allegation of the Complaint not specifically admitted herein.  Moreover, Defendant Kaminsky denies any remaining allegations contained in unnamed Paragraphs that replead, re-allege, or incorporate each and every allegation of the Complaint and any un-numbered "WHEREFORE" Paragraphs.

## AFFIRMATIVE DEFENSES

### First Defense

The Plaintiffs have failed to state a claim upon which relief can be granted.

### Second Defense

Defendant Kaminsky requires strict proof of Plaintiffs' alleged injuries and/or damages.

### Third Defense

Plaintiffs' claims are barred by their contributory negligence in bringing about the alleged monetary damages of which they complain.

### Fourth Defense

The Plaintiffs assumed the risk that caused the alleged damage.

### Fifth Defense

The Plaintiffs have failed to mitigate their alleged damages.

*Sixth Defense*

The Plaintiffs' claims are barred by the doctrines of equitable estoppel, promissory estoppel, estoppel by conduct and/or waiver.

*Seventh Defense*

Plaintiffs' claims are barred in whole or in part because the Plaintiffs' alleged damages, if any, were not caused by any actions or omissions of this Defendant.

*Eighth Defense*

Defendant Kaminsky alleges the actions did not cause any damages to the Plaintiffs.

*Ninth Defense*

The sole proximate cause of Plaintiffs' damages, if any, was an act or omission for which said Defendant is not legally responsible.

*Tenth Defense*

The said Defendant did not breach any duties owed the Plaintiffs.

*Eleventh Defense*

The said Defendant cannot be held liable in connection with exercising his professional judgment in connection with the underlying matter.

*Twelfth Defense*

The Plaintiffs' alleged damages, if any, were caused because of supervening and/or intervening causes.

*Thirteenth Defense*

The Plaintiffs have failed to plead facts sufficient for a claim of attorney's fees or punitive damages.

*Fourteenth Defense*

The Plaintiffs' claims are barred by accord and satisfaction and/or novation of contract.

*Fifteenth Defense*

The said Defendant reserve the right to assert additional defenses that may come to light as this litigation develops.

WHEREFORE, Defendant David R. Kaminsky, Esquire respectfully requests that this Court dismiss Plaintiffs' Complaint and enter judgment in favor of Defendant Kaminsky and that the Court award him all costs of the defense of this suit and any other relief that justice requires.

**Respectfully submitted,**

**/s/ Justin M. Flint**
_____
Aaron L. Handleman (No. 48728)
Justin M. Flint (No. 491782)
ECCLESTON & WOLF, P.C.
2001 S Street, N.W., Suite #310
Washington, D.C., 20009-1125
(202) 857-1696
handleman@ewdc.com
flint@ewdc.com
*Attorneys for Defendant*
*David R. Kaminsky, Esq.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Defendant David R. Kaminsky, Esquire's Answer to Complaint was served by this Court's electronic filing system this 8th day of June, 2007, on:

>Christopher C. S. Manning, Esquire
>MANNING & SOSSAMON, PLLC
>1532 16th Street, NW
>Washington, D.C., 20036
>*Counsel for Plaintiff*
>Cmanning@manning-sossamon.com
>
>George O. Peterson, Esquire
>SANDS ANDERSON MARKS & MILLER, P.C.
>1497 Chain Bridge Road
>Suite 202
>McLean, VA 22101
>gpeterson@sandsanderson.com
>*Counsel for Ted Kavrukov, Esquire*

And via first class mail to:

John DiJoseph
9610 Tiberias Drive
Upper Marlboro, MD 20772
PRO SE

                                **/s/ Justin M. Flint**
                                _____
                                Justin M. Flint