UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JENNIFER CARLETON, *et al.* | * |
| Plaintiffs | * |
| v. | *   CASE NO: 07cv01018 (JDB) |
| JOHN DIJOSEPH, ESQ. *et al.* | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PARTIES' LOCAL RULE 16.3 CONFERENCE REPORT

The Plaintiffs, Jennifer Carleton and John Carleton, by undersigned counsel, and the Defendants, David R. Kaminsky, Esquire and Ted Kavrukov, Esquire, by their respective undersigned counsel, and Defendant John DiJospeh, *pro se*, hereby submit this Report concerning their LCvR 16.3 Conference, which was conducted by telephone on Friday, June 29, 2007.  The parties have discussed each of the matters set forth in LCvR 16.3(c), and the report of their discussion follows.

   *1.   Whether the case is likely to be disposed of by dispositive motion, and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery of other matters should await a decision on the motion.*

The parties agree that it is probably unlikely that motions for summary judgment will resolve this case since the case is fact intensive and most likely will require a resolution of expert opinions at trial.

1

> 2. *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties believe that new parties should be joined and the pleadings amended no later than 90 days from the commencement of discovery.

The parties concur that formal and informal discovery may permit agreement or narrowing of some factual and legal issues in this case.

> 3. *Whether the case can be assigned to a magistrate judge for all purposes, including trial.*

The parties stipulate to assigning the case to a Magistrate Judge at this time for any purpose.

> 4. *Whether there is a realistic possibility of settling the case.*

The parties believe that settlement is a realistic possibility, although they candidly believe that discovery will be required before substantive settlement discussions are possible. Plaintiffs and Defendant David Kaminsky (through counsel) have already engaged in sporadic settlement discussions. All parties contemplate a continuation of that dialogue as this matter proceeds.

> 5. *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures or some other form of alternative dispute resolution and, if so, which procedure should be used, and should discovery be stayed or limited pending completion of ADR.*

The parties believe that the case would benefit from mediation after dispositive motions are resolved. The parties submit that mediation should occur at approximately the end of March 2008.

> 6. *Whether the case can be resolved on summary judgment or motion to dismiss, dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision in the motions.*

The parties agree that it is unlikely that this case may be resolved by summary judgment following the taking of formal and informal discovery. However, the parties have agreed that dispositive motions will be due on or before January 31, 2008. In that regard, the parties agreed to follow this Court's Local Rules regarding timing for filing oppositions to dispositive motions and replies. The parties contemplate that the dispositive motions, if any, will be resolved by the end of February 2008.

> 7. *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and, if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The parties believe the initial disclosures should proceed as contemplated by Fed. R. Civ. P. 26(a)(1), except that said disclosures be made by all parties on or before July 13, 2007.

> 8. *The anticipated extent to discovery; how long discovery should take; what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

The parties agree that discovery should close on December 31, 2007 and that no protective order is warranted at this time. Also, the parties agree that written discovery will close on October 31, 2007.

> 9. *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should be modified, and whether and when depositions of experts should occur.*

3

The parties agree that expert witness reports should be exchanged in conformity with Fed. R. Civ. P. 26(a)(2), and they respectfully suggest that expert witness depositions be reserved until after the completion of all fact witness discovery or, at a minimum, until a substantial amount of fact witness discovery has been undertaken and completed.

> *10.    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or evidentiary hearing on the motion and a proposed date for decision.*

Not applicable.

> *11.    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The parties agree that no aspect of this case should be bifurcated, and that no special approach to case management is required at the present time.

> *12.    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The parties agree that the pretrial conference should be held at the end April of 2008.

> *13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties agree that the trial date should be set at the final pretrial conference.

*14.   Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

The parties believe that no other matters need be addressed in the Court's Scheduling Order at this time, but reserve the right to address additional issues at the Scheduling Conference on July 13, 2007.

Respectfully submitted,

_____/s/ Christopher C. S. Manning\_\_\_\_
Christopher C. S. Manning, Esquire  (#471315)
MANNING & SOSSAMON, PLLC
1532 16th Street, NW
Washington, D.C., 20036
Cmanning@manning-sossamon.com
*Counsel for Plaintiffs*


_____/s/  Aaron Handleman_____
Aaron L. Handleman (#48728)
Justin M. Flint (#27322)
ECCLESTON AND WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
(202) 857-1696
(202) 857-0762 (fax)
handleman@ewdc.com
flint@ewdc.com
*Counsel for Defendant David R. Kaminsky, Esquire*

_____/s/\_\_\_\_George Peterson\_\_\_\_
George O. Peterson, Esquire (#478050)
SANDS ANDERSON MARKS & MILLER, P.C.
1497 Chain Bridge Road
Suite 202
McLean, VA 22101
gpeterson@sandsanderson.com
*Counsel for Defendant Ted Kavrukov, Esquire*

And

5

\_\_\_/s/_____John DiJoseph_____
John DiJoseph
9610 Tiberias Drive
Upper Marlboro, MD 20772
jdijoseph@aol.com
*Pro Se*


# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July, 2007, I caused a copy of the foregoing "PARTIES' LOCAL RULE 16.3 CONFERENCE REPORT" to be filed and served upon the parties listed below in accordance with the Court's electronic filing procedures and practices:

Aaron L. Handleman (#48728)
Justin M. Flint (#27322)
ECCLESTON AND WOLF, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
*Counsel for Defendant David Kaminsky*

George O. Peterson, Esquire
SANDS ANDERSON MARKS & MILLER, P.C.
1497 Chain Bridge Road
Suite 202
McLean, VA 22101
*Counsel for Defendant Ted Kavrukov*

*And*

John DiJoseph
9610 Tiberias Drive
Upper Marlboro, MD
20772
*Pro Se*

_____/s/ Christopher Manning\_\_\_\_\_
Christopher Manning